■ ELECTRONIC COMMUNICATIONS, INC., Appellant, v. E. C. I. ELECTRONICS COMMUNICATIONS, INC., Respondent.— In an action to restrain the use of the defendant's corporate name and trade-mark, and for related relief, the plaintiff appeals from an order of the Supreme Court, Westchester County, dated July 30, 1963, which denied its motion to restrain such use during the pendency of the action. Order affirmed, without costs (*Barricini, Inc.* v. *Barricini Shoes,* 1 A D 2d 905). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ In the Matter of LOTTIE KOTLER, Respondent, v. MAX KOTLER, Appellant.— In a proceeding to compel support under article 4 (§ 411 *et seq.*) of the Family Court Act, by a wife against her husband, for her support and for the support of their two children, the husband appeals from two orders of the Family Court of the State of New York, County of Nassau. The first order, made December 12, 1963 after a hearing, directed the husband: (1) to pay $85 a week for the support of petitioner and the children; (2) to make all mortgage payments on the home owned by the parties jointly; and (3) to relinquish to the wife certain United States Government bonds. The second order, made January 16, 1964 upon the husband's motion to reduce the said payments, continued the $85 payments but directed the wife to sign the papers necessary to refinance the mortgage in order to reduce the monthly payments thereon from $146.90 to about $106. Order of December 12, 1963 and order of January 16, 1964 modified, on the facts, by changing from $85 to $90 the amount of the weekly payments which the husband is directed to pay; and by striking out from the first order the provisions directing the husband to make the mortgage payments and to relinquish the government bonds to the wife. As so modified, said orders are affirmed, without costs. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, the amounts which the husband was directed to pay under the orders, in part to the wife and in part as payments on the mortgage (plus the turning over of the bonds to the wife), were excessive to the extent that in the aggregate they were more than $90 a week. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

■ In the Matter of the Estate of PHILIP H. PARIS, Deceased. JOSEPH A. BOCHENEK on Behalf of JACK NATOWITZ, Respondent; BENJAMIN PARIS, as Administrator of the Estate of PHILIP H. PARIS, Deceased, Appellant.— In a proceeding for the appointment of an administrator of the estate of Philip H. Paris, deceased, in which limited letters were issued on March 14, 1963 to Benjamin Paris as administrator, empowering him to commence an action on behalf of the estate, the said administrator appeals from an order of the Surrogate's Court, Kings County, entered September 17, 1963, which granted the petition of respondent, Joseph A. Bochenek: (a) to enlarge such limited letters by also empowering the administrator to defend an action against the decedent, then pending in the Supreme Court, Kings County; and (b) to resettle accordingly, *nunc pro tunc* as of March 14, 1963, the prior decree of the Surrogate's Court granting limited letters. Such petitioner Bochenek is an attorney associated with counsel for the plaintiffs in said action. Order affirmed, with $10 costs and disbursements. No opinion. [For companion appeal, see *Sugar* v. *Miller,* 21 A D 2d 796.] Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.